# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00570-CR

**Marc Antoine Dorval, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,846, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court found appellant Marc Antoine Dorval guilty of inducing a child to engage in sexual conduct or a sexual performance and sentenced him to fifteen years in prison. *See* Tex. Pen. Code Ann. § 43.25 (West Supp. 2004). In his only point of error, appellant contends the evidence is insufficient to sustain the conviction. We will affirm.

It is undisputed that appellant videotaped the sixteen-year-old complainant engaging in sexual conduct with her eighteen-year-old girlfriend. The only question presented is whether the State proved that appellant induced the complainant to do this.

The complainant testified that appellant asked if he could videotape her and her girlfriend having sex. They initially said no, but appellant continued to ask and they finally consented. At appellant's suggestion, the tape was made in his bedroom. The complainant

acknowledged that appellant did not threaten her or force her to make the videotape; she did it of her own free will. She added, however, that appellant persuaded her "to some extent." She testified, "He kept asking and asking me." She said that "after he made it clear that he wasn't going to try to touch us or anything it was just he was going to video tape us and we agreed to it." Appellant told the girls that "the tape was going to be ours."

The complainant's girlfriend also testified. Her testimony was similar to the complainant's: appellant proposed the videotaping; they initially refused, but consented after he persisted in his requests; they were not forced to do anything. The witness acknowledged giving a statement in which she said that she and the complainant wanted the tape made.

"Induce" is not defined in the penal code. We therefore apply its meaning in common usage, which includes to persuade, prevail upon, or bring about. Webster's Third New International Dictionary 1154 (1986). Although appellant does not indicate whether he is challenging the legal or factual sufficiency of the evidence, we hold that under either standard the evidence is sufficient to prove that he induced the complainant to engage in a sexual performance. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (test for legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same); *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004) (test for factual sufficiency). While the complainant was clearly not forced to act against her will, a rational trier of fact could conclude beyond a reasonable doubt that she was persuaded or prevailed upon to engage in the sexual performance by appellant's repeated requests, his promise not to touch her, and his assurance that the tape would belong to her.

Because this is the only element of the offense in dispute, we hold that the evidence is legally and factually sufficient to sustain the conviction.

The point of error is overruled and the judgment of conviction is affirmed.


_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   July 29, 2004

Do Not Publish

3